UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA LISEWSKI | CIVIL ACTION |
| VERSUS | NO. 11-1411 |
| ST. TAMMANY PARISH HOSPITAL, DISTRICT NO. 1 | SECTION "N" (3) |

# ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment" (Rec. Doc. 11), filed by Defendant St. Tammany Parish Hospital, District No. 1 (hereinafter "Defendant"). This motion is opposed by Plaintiff Patricia Lisewski ("Plaintiff") (Rec. Doc. 16). After considering the memoranda filed by the parties, including Defendant's Reply (Rec. Doc. 19), the Court rules as set forth herein.

## I. BACKGROUND

Plaintiff alleges that Defendant interfered with her rights under the Family Medical Leave Act of 1993 ("FMLA") because Defendant fired her when she missed work because she was recovering from surgery. 29 U.S.C.A. §§ 2601-2654 (West 2009). Defendant hired Plaintiff in May 2007 to work as a phlebotomist, and Plaintiff worked in that position until August 17, 2010,

when she was fired for excessive absenteeism.  While employed by Defendant, Plaintiff reported to Shelley Gourgues ("Ms. Gourgues"), the Defendant's lab supervisor.  Ms. Gourgues supervises between twenty and twenty-five employees and worked from 6:30 a.m. to 3:00 p.m. Monday through Friday during the time she supervised Plaintiff.

Plaintiff's problem with absenteeism developed in 2008.  On September 14, 2008, Plaintiff exceeded her allotted days off within a rolling calendar year, and received an oral reminder.  At that time, Ms. Gourgues notified Plaintiff that if she missed work one more time prior to January 17, 2009, she would receive a written reminder, as per Defendant's attendance policy.

On April 27, 2009, Plaintiff received a written reminder for absenteeism because she failed to work her shift as scheduled six times.  Ms. Gourgues also warned Plaintiff that if she was absent one more time prior to July 17, 2009, she would be placed on Decision Making Leave status.  Decision Making Leave represents the third step in the Defendant's disciplinary process and constitutes a final warning.

On December 23, 2009, Ms. Gourgues issued a written reminder to Plaintiff because she had five additional unscheduled absences.  Ms. Gourgues warned Plaintiff that if she missed work one more time prior to February 23, 2010, she would earn Decision Making Leave. Plaintiff failed to report to work on March 12, 2010, requiring a third disciplinary action in one year and meriting Decision Making Leave.   On March 23, 2010, Plaintiff was placed on Decision Making Leave for excessive absenteeism.  This final warning noted that if Plaintiff was absent from work one more time in the next six months, she would be fired.

On June 21, 2010, Plaintiff requested paid time off for a vacation beginning on July 31,

2010 and ending on August 4, 2010. Ms. Gourgues approved this vacation, and asked Plaintiff if she would also like to take a full seven days, rather than the requested five. Plaintiff initially declined this offer, but responded on July 2 asking if she could take paid time off on July 29 and 30 as well. Ms. Gourgues approved this request. At that time, Plaintiff worked a seven-days-on and seven-days-off shift; she worked from Thursday through Wednesday from 7:00 p.m. to 7:00 a.m. and then had off the next Thursday through Wednesday. Thus, by taking a week of paid time off, Plaintiff obtained leave to be absent from work for three weeks, from July 22, 2010 to August 11, 2010.

When Plaintiff requested the additional days of paid leave on July 2, 2010, she informed Ms. Gourgues that she would be having surgery on August 6, during her three week break from work. Ms. Gourgues told Plaintiff to discuss her surgery with Sheri Burchard ("Ms. Burchard"), Ms. Gourgues' supervisor, so that Ms. Burchard could let Plaintiff know if she needed to complete any paperwork, including a return to work form.

Before Plaintiff's vacation started, Ms. Burchard called Plaintiff to discuss her surgery. Plaintiff informed Ms. Burchard that she was having surgery for endometriosis. At that time, Ms. Burchard reminded Plaintiff that she had been placed on Decision Making Leave for absenteeism in March and recommended that Plaintiff carefully consider the timing of her surgery in order to ensure that she could return to work on August 12, as scheduled. Plaintiff assured Ms. Burchard that she would be able to return to work on August 12. Plaintiff was aware that her employment might be terminated if she failed to appear for work on August 12, but was confident that she would be able to work as scheduled.

Plaintiffs' surgery took place on the morning of August 6, 2010. Plaintiff returned home

3

after the surgery and spent the next several days recovering in her home. On August 11, 2010, Plaintiff returned to her doctor for a follow up appointment. Plaintiff informed her doctor then that she was still a little sore from surgery. Plaintiff's doctor stated that she was recovering from surgery well and that she could return to work as needed. Before leaving the doctor's office, Plaintiff asked for and received a return to work note dated for August 16, 2010.

According to Plaintiff, she called Ms. Gourgues on August 11 to inform her that she would not be able to work on August 12, due to the fact that she was still in pain following her surgery.[1] Ms. Gourgues informed Plaintiff that her failure to appear for work on August 12 would be a problem. After speaking with Ms. Gourgues, Plaintiff called her doctor's office to request a return to work note for August 12, so that she could be at work as scheduled. The doctor's assistant told Plaintiff that she could come by the office to obtain a return to work note for August 12. Plaintiff states that she called Ms. Gourgues after speaking to the doctor's assistant and informed Ms. Gourgues that she would be able to report to work on August 12. By Plaintiff's account, Ms. Gourgues told her that she did not need to worry about reporting to work and that her shifts had been covered; Ms. Gourgues also informed the Plaintiff that she would be speaking with human resources about the situation.

On August 16, Defendant contacted Plaintiff and asked her to attend a meeting with human resources on August 17 at 9:00 a.m. Plaintiff reported for that meeting, and Defendant fired Plaintiff because of her consistent absenteeism.

---

[1] There exists a factual dispute between Plaintiff and Defendant regarding when and how Plaintiff contacted Ms. Gourgues to inform her that she would not be able to work on August 12. For the purposes of this motion, the Court will read the facts in the light most favorable to the Plaintiff, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draw all reasonable inferences in her favor. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001).

## II. ARGUMENTS OF THE PARTIES

Defendant claims that it could not have interfered with any right of the Plaintiff under the FMLA because she was not entitled to any FMLA leave. Defendant asserts that the evidence shows that Plaintiff was not suffering from a serious health condition on August 12, 2010 and that Plaintiff was able to work. Defendant further argues that even if Plaintiff suffered from a serious health condition on August 12, 2010, she was not entitled to leave because she failed to provide proper notice and failed to make a reasonable attempt to schedule her surgery so as not to disrupt Defendant's operations.

Plaintiff responds that her condition and the surgery undergone to improve it constituted a serious health condition. According to Plaintiff, the evidence supports her claims that she was in pain following surgery such that she was unable to work on August 12, 2010. Plaintiff further asserts that she provided such notice as was practicable under the circumstances of her illness and that she complied with the FMLA in providing this notice.

## III. DISCUSSION

### A. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may demonstrate the absence of a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     Analysis**

The FMLA provides eligible employees up to twelve (12) weeks of unpaid leave during any twelve month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a)(1)(D) (West

2009). An employer may not lawfully "interfere with, restrain, or deny the exercise of" an employee's rights outlined in the FMLA. 29 U.S.C.A. § 2615(a)(1). In order to establish that an employer interfered with her rights under FMLA, a plaintiff must demonstrate: "(1) that she is an eligible employee; (2) that the defendant is an employer under the FMLA; (3) that she was entitled to leave under FMLA; (4) that she gave notice to the defendant of her intention to take leave; and (5) that she was denied benefits to which she was entitled under FMLA." *Anderson v. New Orleans Jazz & Heritage Festival*, 464 F.Supp.2d 562, 567 (E.D.La. 2006). Here, Defendant alleges that Plaintiff cannot satisfy her burden of proof on the final three elements such that Defendant is entitled to judgment as a matter of law. Because the dispute regarding the third and fifth elements is the same, Plaintiff's entitlement to leave under the FMLA, these elements will be discussed together.

1. **Plaintiff's Entitlement to leave under the FMLA**

In order to be eligible for leave under the FMLA, Plaintiff must demonstrate that she suffered from "a serious health condition that ma[de] [her] unable to perform the functions of [her] position" as a phlebotomist with Defendant. 29 U.S.C.A. § 2612(a)(1)(D). "For purposes of FMLA, 'serious health condition' entitling an employee to FMLA leave means an illness, injury impairment or physical or mental condition that involves inpatient care . . . or continuing treatment by a health care provider." 29 C.F.R. § 825.113 (2012). A serious health condition requiring continuing treatment must include a "period of incapacity of more than three consecutive, full calendar days" and "[t]reatment two or more times, within 30 days of the first day of incapacity." 29 C.F.R. § 825.115 (2012).

Judging the evidence in the light most favorable to the Plaintiff, she has met her burden of demonstrating a serious health condition. Plaintiff underwent surgery for her endometriosis on the morning of Friday, August 6, 2010. Exhibit 6 to Rec. Doc. 16, at 102-03. On Monday, August 9, 2010, Plaintiff was still incapacitated from her surgery, and spent the day sitting on her couch and in a recliner in her house. *Id.* at 126-27. As such, Plaintiff was incapacitated after surgery for four consecutive calendar days, meeting the requirements of the FMLA regulations. 29 C.F.R. § 825.115. On Wednesday, August 11, 2010, Plaintiff went to see her doctor for a post-operative appointment. Exhibit 6 to Rec. Doc. 16, at 134-35. Including her surgery on August 6 and her follow-up appointment on August 11, Plaintiff received treatment relating to her incapacity twice, as required by the relevant regulation. 29 C.F.R. § 825.115. Therefore, Plaintiff suffered from a serious health condition as defined by the FMLA.

According to Defendant, even if Plaintiff's surgery constituted a serious health condition, Plaintiff was not entitled to leave on August 12, 2010 because she was no longer suffering from this serious health condition on that date. Defendant asserts that Plaintiff was sufficiently recovered from surgery such that she was able to perform the functions of her position as a phlebotomist on August 12, 2010. *See* 29 U.S.C.A. § 2612. For support for this statement, Defendant submits the deposition of Plaintiff's surgeon, Dr. Robert Muller. Exhibit P to Rec. Doc. 11. However, Dr. Muller states that there was no medical reason why Plaintiff could not return to work on August 12 *other than the Plaintiff's perceived pain*. *Id.* at 35. Whether Plaintiff was in such pain on August 12 that she could not report for work is a factual question.[2]

---

[2]In its reply memorandum, Defendant cites Dr. Muller's statement that Plaintiff was "out of pain" on August 11 as evidence that she was able to perform the function of her employment on that date. Rec. Doc. 19 at 4. After reviewing Dr. Muller's deposition, it is unclear to the

Defendant maintains that Plaintiff was able to work on August 12 because she admits that she offered to report to work when Mr. Gourgues informed her that missing work would be a problem. Exhibit 6 to Rec. Doc. 16 at 144. Plaintiff testified that once she knew that her job could be in danger, she "was going to do whatever it took to keep [her] job if it meant going back to work still in pain." *Id.* at 145-46.

Viewing the record in the light most favorable to Plaintiff[3], as the Court must do at this stage, it cannot be said that no reasonable trier of fact would find for the Plaintiff. *Smith v. Amedisys*, 298 F.3d at 440. Genuine issues of material fact yet remain as to Plaintiff's status on August 12, 2010 that prevent summary judgment on the issue of Plaintiff's eligibility for FMLA leave.

**2. Adequacy of Notice**

Defendant alleges that Plaintiff did not provide adequate notice regarding her need for FMLA leave. Pursuant to the FMLA, an employee must provide 30 days' notice of the need for foreseeable leave, but if the leave must start before 30 days has passed, the employee must

---

Court whether Dr. Muller meant that the Plaintiff had fully recovered from her post-surgery pain or that she was no longer experiencing the pain of endometriosis, which was the goal of the surgery. Exhibit P to Rec. Doc. 11 at 29. Though it does indeed support Defendant's position, the meaning of the doctor is a fact issue best reserved for the jury. As such, the Court cannot find conclusive proof in the record that Plaintiff was sufficiently recovered from surgery on August 12 such that she could report to work; indeed, Plaintiff's testimony that she was sore after surgery is the only evidence on this point. Exhibit 6 to Rec. Doc. 16 at 145-46.

[3]The Court notes Defendant's objection to Plaintiff's affidavit submitted along with her opposition. Exhibit 4 to Rec. Doc. 16. However, the Court finds consideration of the affidavit to be unnecessary for the resolution of this motion, and, as such, will not address the affidavit or Defendant's objection to it.

provide notice as soon as is practicable. 29 U.S.C.A. § 2612(e)(2)(B). An employee is further required to "make a reasonable effort to schedule . . . treatment so as not to disrupt unduly the operations of the employer." 29 U.S.C.A. § 2612(e)(2)(A). "An employer may not, however, disallow or delay leave if the employee does not comply with the employer's procedures, provided that the employee gives timely notice of her intent to take leave." *Anderson v. New Orleans Jazz & Heritage Festival*, 464 F.Supp.2d. 562, 569 (E.D.La. 2006) (*citing* 29 C.F.R. § 825.302(d)).

Here, Plaintiff requested paid time off and notified Defendant of her surgery on July 2, 2010, more than 30 days before her surgery. In addition, reading the facts in the light most favorable to Plaintiff, Plaintiff notified Defendant that she would miss work on August 12 because of her post-surgery soreness as soon as was practicable. On the other hand, when Ms. Burchard allegedly expressed concern about the surgery being scheduled late in Plaintiff's vacation, Plaintiff did not make efforts to reschedule the surgery, but rather assured Ms. Burchard that she would be back at work on August 12. Exhibit 6 to Rec. Doc. 16 at 155.

However, the Fifth Circuit has held that "whether [an] employee has made a reasonable effort to schedule her treatment so as not to disrupt unduly the operations of [an] employer requires an inquiry into the particular facts and circumstances of each case. Such determinations are questions of fact and are better left to the jury." *Hopson v. Quitman County Hospital and Nursing Home, Inc.*, 119 F.3d 363, 367 (5th Cir. 1997). Further, Defendant has not presented, and the Court cannot find, any case law supporting the grant of summary judgment to a defendant when a plaintiff failed to satisfy the requirements of 29 U.S.C.A.§ 2612(e)(2)(A). In light of the Fifth Circuit's decision in *Hopson* and Plaintiff's assertion that she believed she would be able to

11

return to work on August 12, the Court finds that genuine issues of material fact exist regarding the adequacy of Plaintiff's notice. While Plaintiff appears to have a tough road ahead of her and Defendant may eventually prevail at trial, the Court finds that summary judgment is inappropriate at this time.

**IV.  CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment" (Rec. Doc. 11)** is **DENIED**.

New Orleans, Louisiana, this 31st day of May, 2012.

                                                                                    _____
                                                                                    **KURT D. ENGELHARDT**
                                                                                    **United States District Judge**